**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| CARLYLE A. BYRON, | : | Case No.: |
|  | : | 2:12-cv-0393 (ADS)(AKT) |
| Plaintiff, | : |  |
| vs. | : |  |
|  | : |  |
| GENOVESE DRUG STORES, INC., | : | **Filed Electronically** |
| d/b/a RITE AID, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

_____

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF ITS MOTION TO DISMISS THE CLAIMS IN PLAINTIFF'S
PREVIOUSLY DISMISSED COMPLAINT FROM PLAINTIFF'S
COMPLAINT IN THIS CASE, PURSUANT TO FED. R. CIV. P. 12(b)(6)**

_____

**EPSTEIN BECKER & GREEN, P.C.**
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500

One Gateway Center
Newark, New Jersey 07102
(973) 642-1900

**Attorneys for Defendant**
Genovese Drug Stores, Inc., d/b/a Rite Aid

Patrick G. Brady
 Of Counsel and on the Brief

Suzanne K. Brown,
 On the Brief.

FIRM:18745064v1

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................... ii

I. ARGUMENT ...................................................................... 1

    A. Plaintiff's Amended Complaint Is Insufficient to Overcome Rite Aid's Motion to Dismiss or, in the Alternative, to Amend His *Byron I* Complaint ........................................................... 1

    B. Plaintiff Is Not Entitled to Recover Attorney's Fees or Costs for Work Done in *Byron I* .......................................................... 4

II. CONCLUSION .................................................................. 8

## TABLE OF AUTHORITIES

**Page(s)**

*Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp.*,
    95 F.2d 414 (3d Cir. 1993) .................................................................................. 5

*Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp.*,
    Civil Action No. 88-499, 1990 U.S. Dist. LEXIS 11424
    (D.N.J. Aug. 30, 1990) ........................................................................................ 6

*Kulkarni v. Alexander*,
    662 F.2d 758 (D.C. Cir. 1978) ........................................................................... 5

*Trujillo v. County of Santa Clara*,
    775 F.2d 1359 (9th Cir. Nov. 5, 1985) ............................................................... 7

Defendant Genovese Drug Stores, Inc., d/b/a Rite Aid ("Defendant" or "Rite Aid") respectfully submits this reply memorandum of law in further support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss portions of Plaintiff Carlyle Byron's ("Plaintiff") Complaint ("*Byron II*"), namely, unspecified claims in Plaintiff's previously dismissed Complaint ("*Byron I*") and costs and fees associated with prosecuting *Byron I*.

## I.   ARGUMENT

### A. Plaintiff's Amended Complaint Is Insufficient to Overcome Rite Aid's Motion to Dismiss or, in the Alternative, to Amend His *Byron II* Complaint

In response to Rite Aid's motion to dismiss in this matter (*Byron II*), Plaintiff filed an Amended Complaint in which he modifies certain references to *Byron I*. Amended Complaint (Docket Entry No. 6). Of relevance to this motion, Plaintiff modified ¶¶ 2, 3 and 26 of his original *Byron II* Complaint; deleted ¶¶ 27-30; and added a new ¶ 27. *Compare Byron II* Complaint (Docket Entry No. 1) with *Byron II* Amended Complaint (Docket Entry No. 6). In addition, Plaintiff amended his Complaint with additional factual assertions. *Compare, e.g., Byron II* Complaint, ¶¶11, 12, 18 and 33 *with Byron II* Amended Complaint, ¶¶11, 12, 18 and 30.

Rite Aid acknowledges that it sought, by this motion and as an alternative form of relief, an order direction Plaintiff to amend his Complaint (*see* Rite Aid's

Memorandum of Law in Support of Its Motion to Dismiss (Docket Entry No. 2-1), at 13), and that its forthcoming Answer to Plaintiff's Amended Complaint may sufficiently address the concerns below.   However, to the extent the Court is willing to entertain an argument for further amendment of Plaintiff's Complaint, Rite Aid brings the following issues to the Court's attention.

As to Plaintiff's modification of ¶ 2 of his Amended Complaint, while he deletes the sentence, "Plaintiff incorporates by reference his allegations, disclosures and filings in Byron I," he continues to allege that "[t]he allegations in [*Byron II*] are substantially similar to those made in [*Byron I*]."   Amended Complaint, ¶2.   For the reasons set forth in Rite Aid's opening memorandum of law in support of this motion, Plaintiff's allegations in *Byron II* are *not*, in fact, "substantially similar" to those made in *Byron I*.   For example, in *Byron I*, Plaintiff alleged unlawful conduct under the New York City Human Rights Law and a provision of the New York Labor Law which has since been repealed.   *See* Rite Aid's Memorandum of Law in Support of Its Motion to Dismiss (*Byron II* Docket Entry No. 2-1), at 7-11.   By contrast, in *Byron II*, Plaintiff omitted those allegations and added claims of wrongdoing under the Civil Rights Act of 1866 and the New York State Human Rights Law.   *Compare Byron I* Complaint, Counts II and III (Byron I Docket Entry No. 1), *with Byron II* Complaint and Amended Complaint, Counts III and IV (*Byron II* Docket Entry Nos. 1 and 6).   Accordingly, ¶ 2 of

- 2 -

Plaintiff's Amended Complaint should be deleted.

Paragraph 3 of Plaintiff's Amended Complaint, though modified, still refers to the dismissal of Plaintiff's *Byron I* action, without prejudice, "as a result of representations made by the Employer." Amended Complaint, ¶3. *Byron I* was dismissed on Rite Aid's motion; a motion which Plaintiff failed to overcome. *See* October 14, 2011 Memorandum & Order Dismissing *Byron I* (*Byron I* Docket Entry No. 36).

Further, upon Plaintiff's motion for an amendment of the October 14, 2011 Order dismissing *Byron I*, the Court found no misconduct or misrepresentation by Rite Aid in connection with the motion to dismiss. *See* Order dated April 12, 2012 (*Byron I* Docket Entry No. 44). Accordingly, Plaintiff should not be permitted to assert that *Byron I* was dismissed "as a result of representations made by the Employer," which may imply wrongdoing on the part of Rite Aid. Rather, ¶ 3 of Plaintiff's Amended Complaint should be deleted, or amended to read, instead, that *Byron I* was dismissed on motion, by this Court's Order.

Similarly, the same argument is applicable to Plaintiff's modification of ¶ 26 of his Amended Complaint. In his original Complaint, ¶ 26 read as follows: "Meanwhile, in *Byron I*, the Employer took the position that Mr. Byron's claims should be dismissed on the ground that he had joined the Craig Action." *Byron II* Complaint (Docket Entry No. 1). In his Amended Complaint, Plaintiff simply adds

- 3 -

the phrase "and Mr. Byron's claims were indeed dismissed as a result of this position." *Byron II* Amended Complaint (Docket Entry No. 6). Here again, such language may imply misrepresentation by Rite Aid, contrary to this Court's conclusion. As such, ¶ 26 should be deleted or amended as above.

For these reasons, Rite Aid's motion to dismiss is not "moot," as Plaintiff would have it. *See* Plaintiff's Memorandum of Law in Opposition (Docket Entry No. 7), at 2. Rather, ¶¶ 2, 3 and 26 of Plaintiff's Amended Complaint contain objectionable references to *Byron I* and should be deleted or modified further.

### B. Plaintiff Is Not Entitled to Recover Attorney's Fees or Costs for Work Done in *Byron I*

In his Amended Complaint, Plaintiff continues to seek "the costs and fees involved in prosecuting *Byron I*." Amended Complaint, WHEREFORE Paragraph; *see also* Amended Complaint, ¶27. Moreover, in his opposition to Rite Aid's motion to dismiss, Plaintiff argues that he is potentially entitled to recover attorney's fees associated with the litigation of *Byron I*. *See* Plaintiff's Memorandum of Law in Opposition (Docket Entry No. 7). The single authority cited by Plaintiff does not support his position.

Plaintiff argues that "[r]elevant authorities provide that Mr. Byron can potentially recover attorneys fees arising from the prior proceeding," and, in support of that position, cites a single authority, *Derfner*, *et al.*, COURT AWARDED ATTORNEY FEES, ¶ 13.03[3] (2011). Plaintiff's Memorandum of Law in

- 4 -

Opposition (Docket Entry No. 7), at 2 (for the Court's convenience, a copy of the relevant section of *Derfner* is attached hereto).

However, Plaintiff's selection from *Derfner*, and the citation therein which Plaintiff omits, relate to cases that are not analogous to the issue presented here. Indeed, the few cases *Derfner* cites for attorney fee awards in related federal court proceedings are inapposite. For example, *Derfner* cites *Kulkarni v. Alexander*, 662 F.2d 758, 766 (D.C. Cir. 1978) (the citation Plaintiff omitted in his opposition brief), as a case in which fees were awarded for earlier federal litigation. In *Kulkarni*, however, involving Title VII discrimination claims, the second federal proceeding was brought to implement the judge's decision in the first suit, wherein the plaintiff "clearly prevailed in a significant way," and to address claims of further discriminatory action taken subsequent to the filing of the plaintiff's first action under Title VII. *Id.* at 761, 766. Perhaps not surprisingly, the court in the second action concluded that the fee award could also "take into consideration legal work done at the administrative level and in the first suit." *Kulkarni*, 662 F.2d at 766. No analogous circumstances are present here.

*Derfner* also cites *Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414 (3d Cir. 1993), as permitting a fee award for prior litigation. *Id.* at 419-20. However, the procedural posture of the case before the *Gulfstream* court bears no similarity to this litigation. Rather, in *Gulfstream*, the "prior

- 5 -

litigation" at issue was a related case pending in the Central District of California, which had been transferred to the District of New Jersey for the asserted purpose of *consolidation* with a subsequent federal action set for trial in that court. *See Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp.*, Civil Action No. 88-499, 1990 U.S. Dist. LEXIS 11424, at *2-5 (D.N.J. Aug. 30, 1990). Thus, no analogy can be drawn between the two, simultaneously pending federal cases in *Gulfstream*, where transfer to the same district was accomplished and consolidation prior to trial was contemplated, and the dismissal of *Byron I* and subsequent filing of *Byron II*.

Moreover, other cases cited by *Derfner* for which fees were sought in a federal action for prior litigation in another forum involve: (1) a federal court abstaining in favor of an ongoing state action; (2) removal from or remand to state court; (3) a federal court's certification of a disputed question of state law for decision by a state court; and (4) an ancillary discovery proceeding in another forum. *See generally Derfner*, at ¶ 13.03 and citations therein. No such circumstances are present here. Accordingly, *Derfner* does not cite, nor has Defendant's research produced, cases which support Plaintiff's contention that he may be entitled to recover attorney's fees and costs for prosecuting *Byron I*.

Perhaps more important, Plaintiff *has already moved for attorney's fees* in *Byron I* and this Court *denied* his motion. *See* Affirmation of David Abrams, filed

- 6 -

March 22, 2012, at ¶5 (*Byron I* Docket Entry No. 41) (attached hereto) (requesting an order amending the Court's earlier judgment and awarding, *inter alia*, attorney's fees and costs for *Byron I* "regardless of the outcome of *Byron II*").  In denying his motion, this Court specifically acknowledged that "Plaintiff has already filed a new complaint [*Byron II*]," yet concluded that "[t]here is no…reason justifying the relief sought."   April 12, 2012 Order (*Byron I* Docket Entry No. 44) (attached hereto).  Moreover, Plaintiff did not appeal that decision and has therefore waived his right to any fee award for *Byron I*. *See*, *e.g.*, *Trujillo v. County of Santa Clara*, 775 F.2d 1359, 1370 (9th Cir. Nov. 5, 1985) (plaintiff "clearly sought an award of attorney's fees" in a state court proceeding, but failed to appeal a decision in favor of the employer, thereby "waiv[ing] his right to any fee award under state law" in a subsequent federal action).

FIRM:18368810v1

## II.  CONCLUSION

For the reasons stated herein and in Rite Aid's moving brief, Rite Aid respectfully requests that this Court enter an Order deleting, or further amending, ¶¶ 2, 3 and 26 of Plaintiff's Amended Complaint, and dismissing Plaintiff's claim for costs and fees associated in prosecuting *Byron I*.

Respectfully submitted,

Dated:  June 1, 2012

_____*s/ Patrick G. Brady*_____
Patrick G. Brady, Esq.
pbrady@ebglaw.com
**EPSTEIN BECKER & GREEN, P.C.**
250 Park Avenue
New York, New York 10177-1211
Phone: (212) 351-4500
Fax: (212) 878-8600

One Gateway Center
Newark, New Jersey 07102-5311
Phone:  (973) 642-1900
Fax: (973) 639-8556
**Attorneys for Defendant**
Genovese Drug Stores, Inc., d/b/a Rite Aid

- 8 -

FIRM:18368810v1



1 of 1 DOCUMENT

Court Awarded Attorney Fees

Copyright 2011, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

PART 1: LAW AND PROCEDURE
CHAPTER 13 Attorney Fees for Participation in Ancillary Proceedings

*3-13 Court Awarded Attorney Fees P 13.03*

**P 13.03 Attorney's Fees for Proceedings in Other Courts**

**[1] Introduction; Proceedings in Different Courts**

In a fair number of cases in which attorney's fees are sought for federal litigation, some portion of the proceedings has occurred in other courts, whether state or federal. Even if not technically part of the same action, related litigation in another forum may also implicate a federal action in which fees are sought. This may happen in a variety of contexts, including: (1) when a federal court abstains in favor of an ongoing state action, see *P 13.03[2][a]*; (2) when the action is removed from or remanded back to state court, see *P 13.03[2][b]*; (3) when a federal court certifies a disputed question of state law for decision by a state court; or (4) when a party commences an ancillary discovery proceeding in another forum.

Federal courts are occasionally asked to award attorney's fees for proceedings that occurred in other courts. The cases addressing this issue do not make distinctions based on whether the ancillary judicial proceeding arises in state or federal court, but for purposes of convenience to the reader, the following subsections divide the cases according to whether the forum was state or federal.

The Supreme Court has broadly stated that the "American Rule precludes courts from awarding attorney's fees incurred during prior proceedings in the same case." n1 If taken literally, this language would seem to preclude attorney's fees for any ancillary proceeding. This language should therefore be narrowly interpreted as applicable to the particular fee-shifting provision at issue. In all instances, the possibility that the language or structure of the fee-shifting statute might prohibit fees for the ancillary judicial proceedings should be kept in mind.

**[2] Attorney's Fees for Services in State Courts**

**[a] When Federal Court Abstains in Deference to State Court Action; Certification of Issue of State Law**

Abstention is a judge-made doctrine that allows a federal district court to refrain, either temporarily or permanently, from deciding a case within its jurisdiction. n2 Though a few statutes provide for abstention, n3 the doctrine is a creation of the courts, specifically of the Supreme Court, which has referred to abstention as "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." n4 The Court has identified four bases for abstention:

1. *Pullman* abstention--when the plaintiff brings both a federal constitutional claim and a potentially dispositive state claim involving unsettled issues of state law, the federal court must abstain from deciding the constitutional question until the parties obtain a state court determination; n5

2. *Burford* abstention--when the federal suit involves complex and difficult questions of state law arising out of an important state regulatory scheme, the federal court should abstain and dismiss the complaint when decision of the state issues would disrupt state efforts to establish a coherent policy; n6

3. *Younger* abstention--when the federal suit seeks to enjoin a state judicial proceeding serving important state interests to which the state is a party, the federal court should abstain and dismiss the complaint because the federal plaintiff has a full and fair opportunity to assert the federal claims in the state court proceedings; n7

4. *Colorado River* abstention--under which a federal court may, in exceptional circumstances, abstain and dismiss a suit "for reasons of wise judicial administration." n8

If a case in which attorney's fees are available is stayed or dismissed under one of these abstention doctrines, and then later revived when abstention is no longer warranted, may a fee award encompass the state court proceedings that removed the reasons for abstention? There are relatively few cases considering this issue, but the critical factors are: (1) did the federal plaintiff prevail on the fee claims presented in the federal action?; and (2) were the state court proceedings required by the abstention doctrine an integral part of the plaintiff's successful federal claims. n9 Consider, for example, *Bartholomew v. Watson*, n10 in which the plaintiffs sought an injunction against the enforcement of certain prison regulations. Because there was uncertainty over whether the regulations complied with state law, the district court ordered *Pullman* abstention, and the parties agreed to proceed in state court to obtain a definitive decision on the potentially dispositive state law issue. When the defendant won at the state level, the case returned to federal court, which could now decide the case because the state law issue was settled. The plaintiffs won, and the Ninth Circuit affirmed an award of attorney's fees that included the time spent in the state court. The court held that the potentially dispositive state issues law were "an integral part" of the plaintiffs' federal claims, and were "a necessary preliminary" to relief on those claims. n11 Because the plaintiffs prevailed in the federal litigation, they could recover all fees for both the state and federal cases, even though the plaintiffs technically lost in state court. The court noted that, if such fees were not allowed, it would encourage forum shopping, would interfere with the efficient allocation of issues between state and federal courts, would promote the dropping of state claims so that the abstention doctrine would be inapplicable, would penalize lawyer and client, and would, in short, place "serious strains" on the federal system.

A contrast is provided by *Skokos v. Rhoades*, n12 in which the plaintiff brought a civil rights action arising from the seizure of personal property. While the federal action was pending, the federal defendant brought a state court forfeiture action to establish the propriety of the seizure. The federal district court abstained under *Younger* pending resolution of the state forfeiture proceedings. When the state court ruled in favor of the property owner, he then returned to federal court and sought attorney's fees under § 1988. The Eighth Circuit affirmed the denial of fees, holding that the forfeiture proceedings were not a component of the plaintiff's claim under § 1983. Moreover, the property was returned to the plaintiff because of the decision of the state law issue; therefore, the plaintiff was not the prevailing party on any federal claim, and attorney's fees were properly denied. n13

In cases in which abstention is appropriate, it may sometimes be avoided through certification of the state law issues to the appropriate state court. Most states have statutes or rules of court permitting federal courts to certify questions on particular issues of state law. n14 The certification procedure generally requires that the state law in question be unsettled, and gives the state court broad discretion to refuse to answer. In states that have adopted this procedure, the Supreme Court and the courts of appeals can certify state law questions to the state court system, and in a few states, the district courts may also certify such questions. If a federal court invokes this procedure, and the state court answers the certified questions, the case then returns to the federal court for further proceedings. In this event, the connection between the proceedings is readily apparent, and if a fee award is appropriate to the prevailing party in the federal action, it should include the time spent in the state court system obtaining the answers to the certified questions. n15

### [b] When Action Is Removed to Federal Court From State Court

### [i] If Attorney's Fees Available in Federal Action, Award Should Include Services in State Court Prior to Removal

While it is beyond the scope of this treatise to examine the intricacies of removal jurisdiction, it is useful to touch on a few general principles to understand the related attorney's fee issues. Though special removal provisions are found in many statutes, the primary statutes governing removal jurisdiction are found in Chapter 89 of the Judicial Code. n16

These statutes allow certain litigants to remove a case originally filed in state court to a federal district court. The general test for removal is whether the state court action is one in "which the district courts of the United States have original jurisdiction." n17 In addition, when a bankruptcy petition is filed, related suits filed in state or federal courts may generally be removed into the federal bankruptcy court. n18

Removal simply moves the case from one forum to another, and does not change the substantive law applicable or the available remedies. Therefore, if attorney's fees would have been available in the state court, and the case is properly removed to the federal court, a fee award in the removed action should include compensation for the legal expenses incurred in the state court. n19 Because the removed case is simply a continuation of the state action, when the fee claimant would have recovered attorney's fees if the case had remained in state court, the federal judge should include those expenses in the fee award. The fact that the services were rendered in state court is not an obstacle to their inclusion in a federal court's fee award.

Because all proceedings prior to the filing of the notice of removal occur in state court, the federal courts have historically struggled with the issue of whether those state court proceedings may be considered in determining whether sanctions may be awarded under Rule 11 n20 or under the bad faith exception n21 in a removed action. Under Rule 11, however, the certification requirements are triggered by "presenting" the paper to the court, which includes not only "signing, filing, [or] submitting" the paper, but also "later advocating" its contents. n22 Accordingly, when a party or attorney urges after removal the contents of a document filed in state court prior to removal, the party or attorney is "later advocating" the paper and making a separate and independent certification of its merit. n23 Sanctions may therefore be imposed under Rule 11 for papers filed in state court prior to removal. n24

### [ii] Attorney's Fees for Securing Remand to State Court; *28 U.S.C. § 1447(c)*

### [A] *Martin* Case; Award Proper When Removal Lacked Objectively Reasonable Basis

A removed action may be remanded back to state court in certain circumstances. Notably, if the federal court has no subject matter jurisdiction over the action, it must be remanded. If remand is sought based on a defect in the removal proceedings, a motion to remand must be made within 30 days of the filing of the notice of removal. n25 When an action is remanded to state court, § 1447(c) authorizes the federal court to award costs, expenses, and attorney's fees to the party securing the remand.

The Supreme Court established the standards for fee awards under § 1447(c) in *Martin v. Franklin Capital Corp.*, n26 in which a state court class action was removed by the defendants on the purported grounds of diversity jurisdiction. The district court denied a motion to remand, and eventually dismissed the case on the merits. On appeal, the Tenth Circuit reversed, ordering that the action be remanded to state court because the requisite amount in controversy was lacking. The plaintiffs then moved for an award of attorney's fees in securing the remand under § 1447(c), but both the district court and the court of appeals held that fees were inappropriate because the defendants' removal, though ultimately incorrect, was premised on objectively reasonable grounds. In so holding, the Tenth Circuit expressly rejected the argument that fees should be awarded under the statute as a matter of course whenever removal was improper.

On certiorari, the *Martin* Court affirmed, noting that the language of the statute provides that an award of attorney's fees "may" be made in conjunction with an order of remand, and does not expressly condition such an award on a showing of bad faith or other improper removal. The Court therefore gave the statute its natural interpretation, concluding that an award of fees is discretionary in the district court, and that there is no presumption in favor of or against an award of fees in conjunction with a remand. Instead, the Court concluded, the propriety of an award of fees should turn on whether the removing party had an objectively reasonable basis for seeking removal. n27 When such a basis is present, an award of attorney's fees should be denied; n28 when absent, fees should be awarded to the party securing remand. n29

The *Martin* Court also noted, however, that unusual circumstances in a particular case may warrant a departure from these rules, so long as the court's reasons for departing from the general rules are faithful to the purposes of awarding fees under § 1447(c), i.e., deterring improper removal and compensating the plaintiff, without chilling the defendant's right of removal. n30 For example, if the plaintiff is partially at fault in the improper removal, an award of attorney's fees in conjunction with the remand should be denied. n31 The Court also noted that an unusual delay of the plaintiff in seeking remand could be a sufficient ground to deny a fee award. n32

The Court's decision in *Martin* therefore affirmed the view of some of the court of appeals that fees may be awarded under § 1447(c) when the removing party did not have objectively reasonable grounds to believe that removal was proper. n33 The *Martin* Court rejected the view of other courts that fees are to be awarded whenever removal proves to be improper, irrespective of whether the removing party's position had any legal or factual merit. n34

Whether the removing party had objectively reasonable grounds to believe that removal was proper should be considered in light of the reason for the remand order. As noted earlier, there are two grounds for remand: (1) an absence of subject matter jurisdiction; and (2) a defect in the removal proceedings. Accordingly, an award of attorney's fees in conjunction with a remand is proper when either:

1. The removing party lacked objectively reasonable grounds to believe that federal jurisdiction was present; n35 or

2. There was a clear procedural defect in the removal proceedings, and the removing party lacked objectively reasonable grounds to believe that this defect could be overcome. n36

The district court's decision to deny or award attorney's fees due to its conclusion on the objectively reasonable grounds issue is reviewed under an abuse of discretion standard. n37 In this regard, however, a clearly erroneous fact determination or the application of an incorrect legal standard constitutes an abuse of discretion. n38

The Sixth Circuit has suggested that state court litigants who wish to avoid the cost and delay associated with erroneous federal question removals should include in their complaints a specific disclaimer of any federal cause of action. n39 That court has therefore concluded that if the defendant nevertheless removes the action despite such a disclaimer, it would necessarily lack objectively reasonable grounds to believe that removal was proper. n40

### [B] Award Improper When Remand Erroneous

Appellate review of the propriety of an award of attorney's fees in conjunction with remand under § 1447(c) is complicated by the fact that, in general, an order of remand is not an appealable order, n41 unless the action was remanded for reasons not permitted by statute. n42 If costs and attorney fees are awarded in conjunction with a remand, however, that portion of the remand order is appealable. n43 In reviewing the order awarding costs and attorney's fees, the court of appeals may examine the propriety of the remand order. n44 If the court of appeals determines that the action was remanded in error, any accompanying fee award is necessarily erroneous and must be reversed. n45

On appellate review of an order awarding or denying attorney's fees under § 1447(c), whether the action was properly remanded as a condition of the fee award is subject to de novo review, but all other aspects of the court's order as to fees are reviewed for an abuse of discretion. n46 If an order awarding attorney's fees is affirmed on appeal, the court of appeals may award additional fees under § 1447(c), as the fees on appeal were also occasioned by the improper removal. n47 Similarly, if a motion to remand is denied, but that decision is later reversed by the court of appeals, the party securing remand from the court of appeals may collect a fee award for all the proceedings in the district court and the court of appeals. n48

### [C] Limitations on Fee Awards

Because § 1447(c) permits an award of expenses "incurred as a result of the removal," any award under the statute must be limited to that category of expenses. n49 Similarly, because the statute permits an award of fees "incurred," the party securing remand is limited to the actual cost of those services, and may not recover market rates. n50

If the court refuses to remand the action, it may not award fees under § 1447(c) to the removing party because the language of the statute simply does not permit such an award. n51 If, however, the refusal to remand the action was erroneous, the court of appeals may order reconsideration of the movant's request for attorney's fees under § 1447(c). n52 If the appellate court refuses to make any award of fees for securing a remand in appellate proceedings, this denial becomes the law of the case, and the district court on remand may not make any award of fees that would contradict the appellate mandate. n53 Presumably, the denial of attorney's fees by the federal court in remanding the action would also preclude the state court from considering the issue after remand.

3-13 Court Awarded Attorney Fees P 13.03

The Second Circuit considered and rejected a convoluted, linguistic argument in *Bryant v. Britt*, n54 in which a motion for attorney's fees was filed after the order of remand had been entered. The removing defendant argued that because the language of § 1447(c) provides that an "order remanding the case may require payment" of attorney's fees, the issue of attorney's fees must be considered contemporaneously and included in the order of remand. The court of appeals rejected that argument, concluding that although an order of remand generally terminates federal jurisdiction over the action, the federal court nevertheless retains jurisdiction to decide a fee motion under § 1447(c) despite the order of remand. n55 Similarly, the court may award attorney's fees even if the order of remand was due to a complete absence of federal jurisdiction. n56 In addition, the fact that the removing defendant stipulated to a remand of the removed action does not deprive the court of authority to award costs and attorney's fees under § 1447(c). n57

In the case of *In re Crescent City Estates, LLC*, n58 the Fourth Circuit considered a question of apparent first impression in all the courts of appeals: If attorney's fees or other costs or expenses are awarded under § 1447(c), must the award be made payable by the removing *party*, or may the court order *counsel* for that party to pay the award? The court of appeals noted that the American Rule against fee-shifting has two aspects: (1) each party must pay its own attorney's fees, unless some exception is applicable; and (2) when an exception applies, the party can collect its attorney's fees from the opposing *party*, not the opposing attorney, unless the exception otherwise provides. The court then examined the language of § 1447(c), as well as its legislative history and underlying purposes, and concluded that an award may be made payable only by the removing party, not that party's attorney. n59 If personal liability is to be imposed on the attorney, some other basis for the award must be identified, such as the equitable bad faith exception, or *28 U.S.C. § 1927*.

As noted, if the district court refuses to remand, attorney's fees may not be awarded to the removing defendant under § 1447 because the statute simply does not permit an award. On the other hand, if the plaintiff presents a motion to remand that is frivolous under Rule 11 or filed in bad faith, an order refusing to remand may award sanctions or attorney's fees to the removing defendant under that alternative authority. n60

Although § 1447 deals with an award of attorney's fees *to the plaintiff* in conjunction with a remand order, in some unusual cases, a removing *defendant* may also seek an award from the federal court in conjunction with remand as the prevailing party under a fee-shifting statute. Consider, for example, *Fox v. Vice*, n61 which began as a state court action over an election dispute. The state court complaint alleged both state claims and civil rights claims under *42 U.S.C. § 1983*, so the defendant removed the case to federal court. After almost two years of proceedings in the district court, the defendant moved for judgment on the pleadings on all federal claims. The plaintiff then conceded that there was no basis for any claims under § 1983, so the district court dismissed all federal claims with prejudice and remanded the state claims to state court. The defendant then sought attorney's fees as the prevailing party under § 1988 on the ground that the federal claims were frivolous, unreasonable, or without foundation. The district court awarded attorney's fees and the Fifth Circuit affirmed, expressly holding that the inclusion of state claims that were remanded rather than decided did not preclude a fee award on the frivolous federal claims.

The *Fox* Court agreed with the court of appeals on that point, n62 but nevertheless vacated and remanded for further proceedings as to the proper amount of the award. The Fifth Circuit had essentially permitted the recovery of all of the defendant's attorney's fees because the "focus" of the litigation was the frivolous federal claims. The *Fox* Court rejected that approach, instead requiring allocation between the different claims. The Court held that when both frivolous and potentially meritorious claims are included, a fee award to the prevailing defendant on the frivolous claims may include only those fees that the defendant would not have paid but for the frivolous claim. In other words, any attorney work that would have been performed even if the frivolous claims were not included cannot by compensated. n63 As the *Fox* Court succinctly put it: n64

> In a suit of this kind, involving both frivolous and non-frivolous claims, a defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations. And that is all. Consistent with the policy underlying § 1988, the defendant may not receive compensation for any fees that he would have paid in the absence of the frivolous claims.

Because the lower courts had applied an improper standard to the award for the prevailing defendant, the *Fox* Court remanded for further proceedings as to the proper amount of the award.

**[D] Procedure For Recovery; Postjudgment Motion After Remand Order Required**

As discussed in detail in Ch. 18, *Procedure for Obtaining a Fee, Rule 54(d)(2) of the Federal Rules of Civil Procedure* provides a uniform procedure for seeking attorney's fees in the district courts by postjudgment motion. The rule generally requires that the motion be filed no later than 14 days after entry of judgment in the action, n65 unless otherwise provided by statute or court order. Though the language of the rule requiring a "court order" could be read to preclude local rules from varying the 14-day time period, the courts of appeals that have addressed the issue are unanimous in concluding that a local rule providing for a different time period is effective to override the 14-day period provided by Rule 54(d)(2)(B)(i). n66

Because § 1447(c) does not contain an alternative statutory procedure, a motion seeking attorney's fees in conjunction with remand of a removed action must be filed within the 14-day time period of Rule 54(d)(2)(B)(i), or within some alternative time period provided by the local rules. n67 Accordingly, even if an award of attorney's fees is available under § 1447(c), the plaintiff securing remand of a removed action may waive any claim to an award by failing to seek it in a timely manner. n68 On the other hand, because the court retains jurisdiction to make an award after the order of remand, the court should not summarily decide the issue of the propriety of a fee award in conjunction with the order of remand, unless the record of the case shows that the court considered the proper factors before the summary denial. n69

The failure to file a fee motion is not necessarily a bar to recovery under § 1447(c), because the court may raise the issue on its own initiative. n70

**[c] Attorney's Fees for Other State Court Proceedings**

**[i] Attorney's Fees for Related or Parallel State Court Proceedings**

As discussed in the previous subsections, if the parties end up in state court for some portion of the proceedings, whether due to abstention, certification, or removal, attorney's fees for those state court proceedings can often be awarded in the federal action. In some instances, however, the question of compensable attorney's fees for ancillary state court proceedings is encountered in the context of parallel or related state proceedings that do not bear such a close relationship to the federal action.

For example, civil rights suits in federal courts sometimes arise out of earlier attempts by local officials to prosecute the federal plaintiffs for violations of local criminal laws. To maintain such a suit, of course, the federal plaintiff must have been acquitted in the local criminal proceedings. n71 After acquittal, the federal plaintiff then brings a civil rights suit alleging malicious or wrongful prosecution under § 1983. If the federal plaintiff proves the civil rights violation, the attorney's fees incurred in the prior successful defense of the underlying criminal action are recoverable. n72 It should be noted that the attorney's fees for the prior criminal action are recoverable as an element of *damages* in the § 1983 action, and are not recoverable as attorney's fees under § 1988, so that the amount actually paid for the criminal defense should be awarded, not a reasonable fee for that defense. Moreover, for the rule to apply, the criminal prosecution itself must be a violation of the plaintiff's civil rights, and any alleged civil rights violation that happens to arise from the same facts as a criminal prosecution does not entitle the exonerated defendant to recover attorney's fees for prior criminal proceedings. n73

Even if the totality of the attorney's fees incurred in prior criminal proceedings are not recoverable, some portion of them might be recovered if that work was "useful and ordinarily necessary" to secure the federal litigation's final result. As discussed in *P 13.02[4]*, Supreme Court precedent permits fee recovery for preparatory administrative proceedings when the prevailing party establishes that some portion of the time was expended on "work product ... that was both useful and of a type ordinarily necessary to advance the ... litigation." n74 There is authority for awarding attorney's fees for this discrete portion of the work done in a prior criminal proceeding. n75

If the prior proceeding in state court was a civil action, attorney's fees may be awarded for any work in that suit that meets the "useful and ordinarily necessary" standard and contributed to success in the subsequent federal action. n76 The language of the fee-shifting provision, however, may restrict the award to services in the federal action, and preclude the inclusion of any work in related or parallel litigation. n77

If the "useful and ordinarily necessary" standard is to be applied to claim compensation for state court proceedings, it should be noted that the federal litigation must have been successful. If the federal plaintiff actually obtains all relief sought from the state court proceedings, the plaintiff is not a prevailing party in the federal action and cannot collect attorney's fees from the federal court for either the federal action or the related state court proceedings. n78 Presumably, however, the plaintiff can obtain those fees in the state courts, because state courts must award attorney's fees to parties prevailing on federal claims that are litigated in state court. See Ch. 14, *State Law and State Courts*, P 14.03[2]. If all relief is obtained in the state court system based solely on state law, however, then any federal fee-shifting statute is simply inapplicable, and attorney's fees may be recovered only as authorized by state law. n79

### [ii] Potential Preclusive Effect of State Court Action

It is established that attorney's fees can be recovered for parallel or related state court proceedings that have a close relationship to or contribute to success in a subsequent federal action. The relationship between the proceedings must be close, but not so close that they are essentially one in the same. If the actions concern identical claims, the judgment in the state proceedings may foreclose the question of attorney's fees under the doctrines of issue and claim preclusion.

For example, the Supreme Court has held that a state court decision on the merits of an employment discrimination claim has preclusive effect in a subsequent suit under Title VII. n80 Applying this rule, the Ninth Circuit, in *Trujillo v. Santa Clara County*, n81 has held that a state court decision denying attorney's fees in an employment discrimination case precluded any claim for those fees in a subsequent federal action under Title VII, even though the claim for attorney's fees in the state court was based on state law, not federal law. Accordingly, if a claim for attorney's fees is asserted or could have been asserted in a prior state court action, the failure of the party to seek or obtain a fee award in that action may collaterally estop the party from collecting attorney's fees for that work in a subsequent federal action. If, however, attorney's fees or other relief was not available in the earlier state court action, the preclusive effect of the state court judgment does not extend to bar relief that the court could not have awarded. n82

### [3] Attorney's Fees for Prior or Related Federal Action

In some cases, the prevailing party in a federal action in which attorney's fees are sought has also engaged in prior or simultaneous litigation in another federal court. Federal courts have awarded fees to the successful party in the primary suit for legal expenses in other, related litigation in which a fee award arguably was not available. Of course, for any such award of fees to be valid, federal jurisdiction must exist over the second action. For example, in *Peacock v. Thomas*, n83 an ERISA plaintiff obtained a money judgment that proved to be uncollectible. The plaintiff then commenced a second federal action seeking to pierce the corporate veil of the judgment debtor to impose personal liability on the alleged alter ego of the corporation. The district court granted the requested relief, and also awarded attorney's fees for both actions. The Fourth Circuit affirmed, but vacated the amount of the fee award for recalculation.

On certiorari, the Supreme Court reversed, holding that subject-matter jurisdiction was absent in the second action. The Court first rejected the argument that jurisdiction could be supported by ERISA, noting that the suit did not state any claim under ERISA, but instead sought to impose liability for an ERISA judgment on a third party. Such an action was not within ERISA or any other grant of federal jurisdiction. n84 The Court also rejected the argument that ancillary jurisdiction supported the action. The Court noted that ancillary jurisdiction in postjudgment proceedings is reserved for proceedings brought to enforce the judgment obtained, such as garnishment or attachment actions. This action, however, was not an attempt to enforce the judgment, but instead, was a separate action to impose liability for that judgment on a third party. Prior precedent of the Court n85 indicated that such a suit was not within ancillary jurisdiction, and the Court found that this precedent "governs this case and persuades us that [the plaintiff's] attempt to make [the defendant] answerable for the ERISA judgment is not ancillary to that judgment." n86

On the presumption that some basis for federal jurisdiction exists over the second action, several cases have awarded fees for earlier federal litigation. As discussed in *P 13.02[4]*, the Supreme Court has approved of compensating time spent in prior administrative proceedings when expended on "work product ... that was both useful and of a type ordinarily necessary to advance the ... litigation." n87 This "useful and ordinarily necessary" standard has also been applied to award compensation for related federal court proceedings. n88

For example, in *Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp.*, n89 a successful antitrust plaintiff sought fees for work performed in an earlier related antitrust suit that was settled. The defendant in the current action,

however, was not even a party to the earlier litigation. On this ground, the district court denied any fees, holding that there was no authority allowing recovery of fees for prior litigation when the defendant to be charged with the fees was not a party to the earlier action. The Third Circuit disagreed and reversed. The court noted the "useful and ordinarily necessary" standard, and held that it applied in this context as well. The court of appeals therefore rejected the blanket conclusion reached by the district court, and held that a court may award attorney's fees for prior litigation when the plaintiff proves: (1) that the fees resulted in work product that was actually utilized in the current litigation; (2) that the services were "inextricably linked" to the issues raised in the current litigation; (3) that the plaintiff has not previously been compensated for those fees and expenses. n90

The final requirement posed by the *Gulfstream* court should be emphasized. In order to obtain attorney's fees for work done in prior federal litigation, the fee movant must show that the work has not previously been compensated, i.e., that it did not obtain a fee award in the prior case. This stands to reason, for if this requirement were not applied, the attorney could be compensated twice for the same work.

**FOOTNOTES:**

Footnote 1. *Summit Valley Indus. v. Carpenters Local 112, 456 U.S. 717, 726, 102 S. Ct. 2112, 72 L. Ed. 2d 511 (1982)* .

Footnote 2. *See generally Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813-817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)* (summarizing abstention doctrines).

Footnote 3. *E.g., 11 U.S.C. § 1334*(c).

Footnote 4. *County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89, 79 S. Ct. 1060, 3 L. Ed. 2d 1163 (1959)* .

Footnote 5. *Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S. Ct. 643, 85 L. Ed. 971 (1941)* .

Footnote 6. *Buford v. Sun Oil Co., 319 U.S. 315, 63 S. Ct. 1098, 87 L. Ed. 1424 (1943)* .

Footnote 7. *Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)* .

Footnote 8. *Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-820, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).*

Footnote 9. *1st Circuit: Exeter-West Greenwich Reg'l Sch. Dist. v. Pontarelli, 788 F.2d 47, 50-51 (1st Cir. 1986)*
.

*3d Circuit: See also Williams v. Red Bank Bd. of Educ., 662 F.2d 1008, 1022-1024 (3d Cir. 1981)* (when federal court abstains, but state court or agency has no power to award attorney's fees or other relief sought by claimant, court should stay action rather than dismiss).

*7th Circuit: Lampher v. Zagel, 755 F.2d 99, 102-104 (7th Cir. 1985)* (when federal defendant filed state court lawsuit and persuaded district court to abstain pending decision, fee award in successful federal action properly compensated state court proceedings).

*8th Circuit: D.C., Inc. v. Missouri, 627 F.3d 698, 700-702 (8th Cir. 2010)* ; *Skokos v. Rhoades, 440 F.3d 957, 962-964 (8th Cir. 2006)* .

*9th Circuit: Bartholomew v. Watson, 665 F.2d 910, 913 (9th Cir. 1982)* .

Footnote 10. *Bartholomew v. Watson, 665 F.2d 910 (9th Cir. 1982)* .

Footnote 11. *Bartholomew v. Watson, 665 F.2d 910, 913 (9th Cir. 1982)* .

Footnote 12. *Skokos v. Rhoades, 440 F.3d 957 (8th Cir. 2006)* .

Footnote 13. *Skokos v. Rhoades, 440 F.3d 957, 962-964 (8th Cir. 2006)* ; *see D.C., Inc. v. Missouri, 627 F.3d 698, 700-702 (8th Cir. 2010)* (when plaintiff brought federal suit to challenge constitutionality of state statute, but court abstained to permit state court to address legality of seizure, state court determination that seizure was unauthorized under

statute made decision of constitutionality unnecessary, so plaintiff was not prevailing party and district court properly refused attorney's fees).

Footnote 14.   *E.g.*, Tex. R. App. P. 58.

Footnote 15.   *E.g.*, *Exeter-West Greenwich Reg'l Sch. Dist. v. Pontarelli, 788 F.2d 47, 50-51 (1st Cir. 1986)* (when state supreme court answered certified question from federal district court that defendant's construction of statute was wrong, plaintiff was prevailing party in federal action entitled to attorney's fees for time spent before state supreme court).

Footnote 16.   *28 U.S.C. §§ 1441-1453.*

Footnote 17.   *28 U.S.C. § 1441(a).*

Footnote 18.   *28 U.S.C. § 1441(a).*

Footnote 19.   *E.g.*, *Simi Investment Co. v. Harris County, 236 F.3d 240, 255 (5th Cir. 2000)* , *cert. denied*, *534 U.S. 1022 (2001)* (recognizing rule, but holding that fee award in removed action for state court litigation had to be limited to those fees incurred prior to plaintiff's amended complaint that first asserted claim under § 1983 because prior to that time, there was no basis for fee award under § 1988).

Footnote 20.   *E.g.*, *Burda v. M. Ecker Co., 954 F.2d 434, 440 n.7 (7th Cir. 1992)* (federal court may not impose Rule 11 sanctions for document filed in state court prior to removal).

Footnote 21.   *E.g.*, *Peltier v. Peltier, 548 F.2d 1083, 1084 (1st Cir. 1977)* (per curiam) (affirming bad faith fees for frivolous removal of state court divorce actions).

Footnote 22.   *Fed. R. Civ. P. 11(b)*; *see* Ch. 11, *Fee Entitlement Under the Federal Rules of Civil Procedure*, P 11.05[2][a] (discussing certification requirements of Rule 11).

Footnote 23.   *Fed. R. Civ. P. 11*, Committee Note of 1993 (if party after removal urges in federal court allegations of pleading filed in state court, it would be viewed as "presenting" those allegations, and thus certifying those same allegations to district court under Rule 11).

Footnote 24.   *5th Circuit*: *But cf. Edwards v. General Motors Corp., 153 F.3d 242, 245-246 (5th Cir. 1998)* (sanctions may not be imposed under Rule 11 for filings made in state court prior to removal).

*9th   Circuit*: *Buster v. Greisen, 104 F.3d 1186 (9th Cir. 1997)* , *cert. denied*, *522 U.S. 981 (1997)* (continuing to urge indefensible allegations of complaint after removal subjected attorney to Rule 11 sanctions).

Footnote 25.   *28 U.S.C. § 1447(c).*

Footnote 26.   *Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005)* .

Footnote 27.   *Martin v. Franklin Capital Corp., 546 U.S. 132, 136-140, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005)* .

Footnote 28.   *5th   Circuit*: *Admiral Ins. Co. v. Abshire, 574 F.3d 267, 280-281 (5th Cir. 2009)* , *cert. denied*, ___ U.S. ___, *175 L. Ed. 2d 517 (2009)* (though defendant was incorrect that amendment of complaint gave rise to new date of "commencement" and permitted removal under Class Action Fairness Act, district court properly denied attorney's fees based on conclusion that argument was not objectively unreasonable).

*6th   Circuit*: *Ohio ex rel. Skaggs v. Brunner, 629 F.3d 527, 530-533 (6th Cir. 2010)* (though there was no basis for federal jurisdiction, district court's denial of fee award based on conclusion that defendant had objectively reasonable grounds was not abuse of discretion).

*7th   Circuit*: *Wisconsin v. Amgen, Inc., 516 F.3d 530, 534-535 (7th Cir. 2008)* (when issue of propriety of federal jurisdiction was colorable, award of attorney's fees for securing removal was improper).

*9th   Circuit*: *Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1066-1067 (9th Cir. 2008)* (though defendant's arguments for removal jurisdiction based on Class Action Fairness Act were erroneous, they were not objectively unreasonable given uncertainties surrounding Act, so district court properly refused fee award); *Gardner v. UICI, 508 F.3d 559, 561-563 (9th Cir. 2007)* (when removing insurer defendant had objectively reasonable basis to believe that

agent was fraudulently joined as defendant to defeat removal, district court erred in awarding attorney's fees for securing remand).

Footnote 29.   *2d   Circuit*: *Alicea v. Circuit City Stores, Inc., 534 F. Supp. 2d 432, 434-436 (S.D.N.Y. 2008)* (attorney's fees awarded because defendant did not have objectively reasonable grounds to believe that amount in controversy requirement was met).

*5th Circuit:   Howard v. St. Germain, 599 F.3d 455, 457-458 (5th Cir. 2010)* , *cert. denied*, ___ U.S. ___, *131 S. Ct. 595, 178 L. Ed. 2d 434 (2010)* (award of attorney's fees proper because defendant lacked objectively reasonable basis to remove based on "officer of the court" status or presence of constitutional issues).

*6th   Circuit*: *Chase Manhattan Mortg. Corp. v. Smith, 507 F.3d 910, 913 (6th Cir. 2007)* (when defendant did not have any objectively reasonable basis to believe that either diversity or federal question jurisdiction was present, district court properly awarded attorney's fees in securing remand to state court).

*7th   Circuit*: *Wolf v. Kennelly, 574 F.3d 406, 411-414 (7th Cir. 2009)* (district court erred in refusing to award attorney's fees when defendant lacked reasonable basis for removal because forum defendant rule barred any attempt to remove case without realigning defendant, and circuit precedent foreclosed any attempt to realign that party).

*9th   Circuit*: *Walker v. Motricity Inc., 627 F. Supp. 2d 1137, 1143-1144 (N.D. Cal. 2009)* (attorney's fees and costs awarded because defendant lacked objectively reasonable basis for second notice of removal).

*10th   Circuit*: *Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1, 607 F.3d 1251, 1253-1255 (10th Cir. 2010)* (award of attorney's fees proper because defendant lacked reasonable basis for removing administrative proceeding given that statute restricts removal to preceeding in state "court").

Footnote 30.   *Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005)* .

Footnote 31.   *2d   Circuit*: *Sirotzky v. New York Stock Exch., 347 F.3d 985, 987-990 (7th Cir. 2003)* (when plaintiff's pleadings and allegations made it appear that requisite amount in controversy was present to support removal on basis of diversity, district court properly denied award of fees after subsequent determination that jurisdictional minimum was present).

*5th Circuit:   Avitts v. Amoco Prod. Co., 111 F.3d 30, 32-33 (5th Cir. 1997)* , *cert. denied*, *522 U.S. 977 (1997)* (when plaintiff precipitated improper removal by erroneous citation of federal law as basis for suit, district court erred in awarding attorney's fees to plaintiff).

Footnote 32.   *Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005)* .

Footnote 33.   *3d   Circuit*: *Roxbury Condominium Ass'n, Inc. v. Anthony S. Cupo Agency, 316 F.3d 224, 227 (3d Cir. 2003)* .

*5th   Circuit*: *Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000)* .

*11th   Circuit*: *Legg v. Wyeth, 428 F.3d 1317, 1322 (11th Cir. 2005)* .

Footnote 34.   *E.g.*, *Hofler v. Aetna US Healthcare of Calif., Inc., 296 F.3d 764, 770 (9th Cir. 2002)* .

Footnote 35.   *2d   Circuit*: *Alicea v. Circuit City Stores, Inc., 534 F. Supp. 2d 432, 434-436 (S.D.N.Y. 2008)* (attorney's fees awarded because defendant did not have objectively reasonable grounds to believe that amount in controversy requirement was met).

*5th   Circuit*: *Howard v. St. Germain, 599 F.3d 455, 457-458 (5th Cir. 2010)* , *cert. denied*, ___ U.S. ___, *131 S. Ct. 595, 178 L. Ed. 2d 434 (2010)* (award of attorney's fees proper because defendant lacked objectively reasonable basis to remove based on "officer of the court" status or presence of constitutional issues).

*6th   Circuit*: *Warthman v. Genoa Township Bd. of Trustees, 549 F.3d 1055, 1061-1064 (6th Cir. 2008)* (mere mention of federal Constitution in complaint did not provide basis for removal when complaint specifically relied only on state law, so defendant lacked objectively reasonable grounds for removal); *Chase Manhattan Mortg. Corp. v. Smith,*

3-13 Court Awarded Attorney Fees P 13.03

*507 F.3d 910, 913 (6th Cir. 2007)* (when defendant did not have any objectively reasonable basis to believe that either diversity or federal question jurisdiction was present, district court properly awarded attorney's fees in securing remand to state court).

*9th   Circuit*: *Walker v. Motricity Inc., 627 F. Supp. 2d 1137, 1143-1144 (N.D. Cal. 2009)* (attorney's fees and costs awarded because defendant lacked objectively reasonable basis for second notice of removal).

Footnote 36.   *7th   Circuit*: *Wolf v. Kennelly, 574 F.3d 406, 411-414 (7th Cir. 2009)* (district court erred in refusing to award attorney's fees when defendant lacked reasonable basis for removal because forum defendant rule barred any attempt to remove case without realigning defendant, and circuit precedent foreclosed any attempt to realign that party).

*10th   Circuit*: *Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1, 607 F.3d 1251, 1253-1255 (10th Cir. 2010)* (award of attorney's fees proper because defendant lacked reasonable basis for removing administrative proceeding given that statute restricts removal to proceeding in state "court").

Footnote 37.   *See e.g.*, *Ohio ex rel. Skaggs v. Brunner, 629 F.3d 527, 532 (6th Cir. 2010)* (though court of appeals might have ruled differently if issue initially presented to it, district court's decision that defendant's conduct was objectively reasonable was not abuse of discretion).

Footnote 38.   *E.g.*, *Warthman v. Genoa Township Bd. of Trustees, 549 F.3d 1055, 1061 (6th Cir. 2008)* (mere fact that complaint mentioned federal law did not establish that removal was objectively reasonable, so district court applied incorrect legal standard and necessarily abused its discretion in denying fee award).

Footnote 39.   *See Warthman v. Genoa Township Bd. of Trustees, 549 F.3d 1055, 1063 (6th Cir. 2008)* .

Footnote 40.   *Ohio ex rel. Skaggs v. Brunner, 629 F.3d 527, 533 (6th Cir. 2010)* (recognizing rule, but declining to enforce it because circuit position was not clear at time of defendant's removal).

Footnote 41.   *28 U.S.C. § 1447(d)*.

Footnote 42.   *See Things Remembered v. Petrarca, 516 U.S. 124, 127-128, 116 S. Ct. 494, 133 L. Ed. 2d 461 (1995)* .

Footnote 43.   *3d   Circuit*: *Roxbury Condominium Ass'n, Inc. v. Anthony S. Cupo Agency, 316 F.3d 224, 226-227 (3d Cir. 2003)* .

*5th   Circuit*: *Admiral Ins. Co. v. Abshire, 574 F.3d 267, 280 (5th Cir. 2009)* , *cert. denied*, ___ U.S. ___, *175 L. Ed. 2d 517 (2009)* ; *Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 541 (5th Cir. 2004)* ; *Garcia v. Amfels, Inc., 254 F.3d 585, 585-587 (5th Cir. 2001)* .

*7th   Circuit*: *Hart v. Wal-Mart Stores, Inc., 360 F.3d 674, 677 (7th Cir. 2004)* ; *Sirotzky v. New York Stock Exch., 347 F.3d 985, 987 (7th Cir. 2003)* ; *Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 410 (7th Cir. 2000)* .

*9th   Circuit*: *Dahl v. Rosenfeld, 316 F.3d 1074, 1079 (9th Cir. 2003)* ; *Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1105 (9th Cir. 2000)* .

*11th   Circuit*: *Legg v. Wyeth, 428 F.3d 1317, 1319-1320 (11th Cir. 2005)* .

Footnote 44.   *3d   Circuit*: *Roxbury Condominium Ass'n, Inc. v. Anthony S. Cupo Agency, 316 F.3d 224, 227 (3d Cir. 2003)* (review of merit of remand order is required in review of award of attorney's fees).

*9th   Circuit*: *Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th Cir. 2003)* (review of fee award requires de novo consideration of propriety of remand order); *Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000)* (abuse of discretion review of fee award requires de novo determination of propriety of remand order); *Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson, 201 F.3d 1212, 1215 (9th Cir. 2000)* (review of underlying remand order is component of review of fee award).

*11th   Circuit*: *Legg v. Wyeth, 428 F.3d 1317, 1319-1320 (11th Cir. 2005)* (review of merits of remand order proper in considering whether district court abused discretion in awarding attorney's fees).

Footnote 45.   *3d   Circuit*: *Roxbury Condominium Ass'n, Inc. v. Anthony S. Cupo Agency, 316 F.3d 224, 227-228 (3d Cir. 2003)* (district court had no power to remand for procedural defect more than 30 days after removal, so accompanying fee award was necessarily abuse of discretion).

*5th Circuit*: *See also Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 542-546 (5th Cir. 2004)* (when removing defendant had objectively reasonable grounds to believe that joinder of nondiverse defendant was fraudulently made to defeat diversity, district court abused discretion in awarding fees; court of appeals found it unnecessary to decide propriety of remand order itself, but strongly indicated that remand was improper).

*7th   Circuit*: *Sirotzky v. New York Stock Exch., 347 F.3d 985, 987 (7th Cir. 2003)* (recognizing rule, but concluding that denial of fees was proper in any event, so that propriety of removal order need not be resolved).

*9th   Circuit*: *Dahl v. Rosenfeld, 316 F.3d 1074, 1079 (9th Cir. 2003)* (when district court's remand was erroneous because state claims required construction of collective bargaining agreement and were therefore preempted by federal labor law, accompanying award of attorney's fees was per se abuse of discretion); *Stuart v. UNUM Life Ins. Co. of Am., 217 F.3d 1145, 1155 (9th Cir. 2000)* (district court necessarily abused its discretion when remand order was based on an erroneous conclusion of lack of subject matter jurisdiction); *Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson, 201 F.3d 1212, 1215-1216 (9th Cir. 2000)* (district court's remand was erroneous because plaintiff's state claims were preempted by ERISA, so accompanying award of attorney's fees was per se abuse of discretion).

*11th   Circuit*: *Legg v. Wyeth, 428 F.3d 1317, 1320-1325 (11th Cir. 2005)* (when removing defendants established fraudulent joinder of resident defendant, remand order was erroneous and award of fees reversed).

Footnote 46.   *5th   Circuit*: *Admiral Ins. Co. v. Abshire, 574 F.3d 267, 280 (5th Cir. 2009)* , *cert. denied*, ___ U.S. ___, *175 L. Ed. 2d 517 (2009)* ; *Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 541 (5th Cir. 2004)* .

*7th   Circuit*: *Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 410 (7th Cir. 2000)* .

*9th   Circuit*: *Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th Cir. 2003)* ; *Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1105 (9th Cir. 2000)* .

*10th   Circuit*: *Martin v. Franklin Capital Corp., 393 F.3d 1143, 1146-1148 (10th Cir. 2004)* , *aff'd on other grounds*, *546 U.S. 132 (2005)* .

Footnote 47.   *Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 411 (7th Cir. 2000)* .

Footnote 48.   *E.g.*, *Waste Control Specialists, LLC v. Envirocare of Texas, Inc., 199 F.3d 781, 787 (5th Cir. 2000)*
.

Footnote 49.   *See Huffman v. Saul Holdings Ltd. Partnership, 262 F.3d 1128, 1131-1135 (10th Cir. 2001)* (district court erred in refusing to scrutinize fee motion to ensure that attorney's fee award was reasonable and limited to those incurred as a result of removal).

Footnote 50.   *Wisconsin v. Hotline Indus., Inc., 236 F.3d 363, 366-368 (7th Cir. 2000)* (in permitting fee award of "actual expenses" that are "incurred" by party obtaining remand of removed action rather than reasonable fees, § 1447(c) limits resulting fee award to amount actually paid or expended by client; when client was state represented by salaried attorneys, state would be entitled to fee award of proportionate share of salary); *but cf. Gotro v. R & B Realty Group, 69 F.3d 1485, 1487-1488 (9th Cir. 1995)* (counsel handling litigation on contingent fee basis nevertheless entitled to reasonable value of services in obtaining remand).

Footnote 51.   *2d   Circuit*: *Circle Industries USA, Inc. v. Parke Constr. Group, Inc., 183 F.3d 105, 108-109 (2d Cir. 1999)* , *cert. denied*, *528 U.S. 1062 (1999)* (reversing fee award to defendant who successfully resisted motion to remand, as statute expressly limited to fee awards in conjunction with remand order).

*4th   Circuit*: *Ramotnik v. Fisher, 568 F. Supp. 2d 598, 600-602 (D. Md. 2008)* (when plaintiff dropped federal claims after removal, requiring remand for lack of jurisdiction, award of fees and costs to removing party not available).

Footnote 52.   *Hobbs v. Blue Cross Blue Shield of Ala., 276 F.3d 1236, 1243 (11th Cir. 2001)* (remanding to district court for reconsideration of issue of attorney's fees in conjunction with reversal of order denying remand to state court).

3-13 Court Awarded Attorney Fees P 13.03

Footnote 53.   *Huffman v. Saul Holdings Ltd. P'ship, 262 F.3d 1128, 1131-1133 (10th Cir. 2001)* (when court of appeals reversed judgment on merits and ordered remand of removed action, but expressly declined to award attorney's fees to plaintiff, district court had discretion to award fees for proceedings in district court, but could not reconsider issue of fees for appellate proceedings).

Footnote 54.   *Bryant v. Britt, 420 F.3d 161 (2d Cir. 2005)* (per curiam).

Footnote 55.   *2d   Circuit: Bryant v. Britt, 420 F.3d 161, 163-165 (2d Cir. 2005)* (per curiam) (district court had jurisdiction to resolve fee motion filed by claimant after case had been remanded to state court).

*6th   Circuit: Stallworth v. Greater Cleveland Regional Transit Auth., 105 F.3d 252, 256-257 (6th Cir. 1997)* .

*7th   Circuit: Wisconsin v. Hotline Indus., Inc., 236 F.3d 363, 365 (7th Cir. 2000)* .

*9th   Circuit: Moore v. Permanente Group, Inc., 981 F.2d 443, 445 (9th Cir. 1992)* .

Footnote 56.   *2d   Circuit: Bryant v. Britt, 420 F.3d 161, 163-165 (2d Cir. 2005)* (district court had jurisdiction to resolve attorney's fee motion filed under *28 U.S.C. § 1447(c)* after case had been remanded to state court; though order of remand generally terminates federal jurisdiction, court has authority to resolve collateral matters such as costs and attorney's fees after remand).

*6th   Circuit: Morris v. Bridgestone/Firestone, 985 F.2d 238, 240 (6th Cir. 1993)* (per curiam) (*28 U.S.C. § 1447(c)* authorizes award of attorney's fees to plaintiff securing remand of removed case to state court, even if removal was made in absence of subject matter jurisdiction).

Footnote 57.   *Wisconsin v. Hotline Indus., Inc., 236 F.3d 363, 367-368 (7th Cir. 2000)* (jurisdiction to consider collateral matters retained).

Footnote 58.   *In re Crescent City Estates, LLC, 588 F.3d 822 (4th Cir. 2009)* , *cert. denied*, ___ U.S. ___, *176 L. Ed. 2d 1184 (2010)* .

Footnote 59.   *In re Crescent City Estates, LLC, 588 F.3d 822, 825-830 (4th Cir. 2009)* , *cert. denied*, ___ U.S. ___, *176 L. Ed. 2d 1184 (2010)* (presumption is *against* attorney liability under fee-shifting statute, and nothing in language or purpose of § 1447(c) indicated congressional intent to alter presumption, so award must be made payable by party, not attorney).

Footnote 60.   *E.g., Chase v. Shop'n Save Warehouse Foods, Inc., 110 F.3d 424, 430-431 (7th Cir. 1997)* (seeking remand of removed action when propriety of removal was clear properly sanctioned under *Fed. R. Civ. P. 11*).

Footnote 61.   Fox v. Vice, ___ U.S. ___, *131 S. Ct. 2205, 180 L. Ed. 2d 45 (2011)* .

Footnote 62.   Fox v. Vice, ___ U.S. ___, *131 S. Ct. 2205, 2214, 180 L. Ed. 2d 45 (2011)* ("presence of reasonable allegations in a suit does not immunize the plaintiff against paying for the fees that his frivolous claims imposed ... defendant need not show that every claim in a complaint is frivolous to qualify for fees").

Footnote 63.   Fox v. Vice, ___ U.S. ___, *131 S. Ct. 2205, 2214-2215, 180 L. Ed. 2d 45 (2011).*

Footnote 64.   Fox v. Vice, ___ U.S. ___, *131 S. Ct. 2205, 2217-2218, 180 L. Ed. 2d 45 (2011).*

Footnote 65.   *Fed. R. Civ. P. 54(d)(2)(B)(i).*

Footnote 66.   *3d   Circuit: Planned Parenthood v. Attorney General, 297 F.3d 253, 260-261 (3d Cir. 2002)* .

*5th   Circuit: Jones v. Central Bank, 161 F.3d 311, 312-314 (5th Cir. 1998)* .

*7th   Circuit: Johnson v. Lafayette Fire Fighters Ass'n Local 472, 51 F.3d 726, 728-729 (7th Cir. 1995)* .

*9th   Circuit: Eastwood v. National Enquirer, Inc., 123 F.3d 1249, 1257 (9th Cir. 1997)* .

*11th   Circuit: Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1335 (11th Cir. 2001)* .

*See* Ch. 18, *Procedure for Obtaining a Fee,* P 18.04[2][b] (discussing local rules as varying 14-day period of *Fed. R. Civ. P. 54(d)(2)(B)(i)*).

Footnote 67.   *2d Circuit: Cf. Bryant v. Britt, 420 F.3d 161, 165 n.4 (2d Cir. 2005)* (per curiam) (expressly reserving issue of whether *Fed. R. Civ. P. 54(d)(2)* applies to fee motion made under § 1447(c)).

*4th Circuit: But cf. Don Roos Constr. Co. v. Fieldstone Cabinetry, 916 F. Supp. 544, 545 (D. Md. 1996)* (time to move for fees keyed to when state court enters judgment after remand, not time of remand order because remand is not "judgment").

*7th  Circuit: Husko v. Geary Elec., Inc., 316 F. Supp. 2d 664, 668-669 (N.D. Ill. 2004)* (motion for attorney's fees filed 23 days after order of remand timely because local rule provided 90 days to seek attorney's fees).

Footnote 68.   *Cf. UTrue, Inc. v. Page One Sci., Inc., 457 F. Supp. 2d 688, 690 (E.D. Va. 2006)* (refusing to award any costs or fees when "neither party (surprisingly) raised the issue").

Footnote 69.   *E.g., Wolf v. Kennelly, 574 F.3d 406, 410-411 (7th Cir. 2009)* (though decision on merits of fee issue was erroneous, district court did not commit procedural error in granting motion to bar plaintiff from moving for attorney's fees arising from improper removal because minute order and underlying proceedings made it clear that court considered proper standards for fee recovery under *28 U.S.C. § 1447*).

Footnote 70.   *E.g., Walker v. Motricity Inc., 627 F. Supp. 2d 1137, 1143-1144 (N.D. Cal. 2009)* (ordering award of costs and attorney's fees despite absence of plaintiff's request for such relief; plaintiff given 30 days to file application as to amount).

Footnote 71.   *E.g., Mayson v. Pierce, 806 F.2d 1556, 1558 (11th Cir. 1987)* (plea of nolo contendere and entry of suspended sentence made federal plaintiff ineligible for award of attorney's fees in Title VII action, even if criminal prosecution was brought in retaliation for Title VII claim).

Footnote 72.   *5th Circuit:  Castellano v. Fragozo, 311 F.3d 689, 710-711 (5th Cir. 2002)* (plaintiff in malicious prosecution action under *42 U.S.C. § 1983* may recover attorney's fees incurred in defense of antecedent criminal prosecution).

*7th  Circuit: Kerr v. City of Chicago, 424 F.2d 1134, 1141 (7th Cir. 1970)* (attorney's fees are foreseeable result of illegal prosecution, and so are recoverable as damages under § 1983).

*9th  Circuit: Borunda v. Richmond, 885 F.2d 1384, 1389-1391 (9th Cir. 1988)* (attorney's fees incurred in resisting illegal prosecution are economic harm derived from violation of civil rights, and so are recoverable as damages under § 1983).

Footnote 73.   *E.g., Greer v. Holt, 718 F.2d 206, 207-208 & n.1 (6th Cir. 1983)* (though plaintiff's civil rights action and criminal prosecution were based on same incident with police, fees for criminal proceedings could not be recovered under *42 U.S.C. § 1988*, as criminal action was not proceeding "to enforce" civil rights statutes).

Footnote 74.   *Webb v. County Bd. of Educ., 471 U.S. 234, 243, 105 S. Ct. 1923, 85 L. Ed. 2d 233 (1985)* .

Footnote 75.   *E.g., Perkins v. Cross, 728 F.2d 1099, 1100 (8th Cir. 1984)* (district court could not award fees for all time spent on criminal proceeding, but should award fees for any research or investigation that proved directly relevant to successful prosecution of later civil rights claim).

Footnote 76.   *1st Circuit: See Schneider v. Colegio De Abogados De P.R., 187 F.3d 30, 33 (1st Cir. 1999)* (recognizing rule, but holding that no work in prior proceedings passed "useful and ordinarily necessary" standard).

*3d  Circuit: Municipal Auth. v. Pennsylvania, 527 F. Supp. 982, 998-1000 (M.D. Pa. 1981)* (allowing attorney's fees for work in state court because it benefitted class as alternative route to relief if federal suits failed, and helped create climate for settlement).

Footnote 77.   *E.g., National Union Fire Ins. Co. v. Care Flight Air Ambulance Serv., 18 F.3d 323, 330 (5th Cir. 1994) , cert. denied, 513 U.S. 916 (1994)* (state statute authorizing award of attorney's fees in declaratory judgment action limited award to fees incurred in particular court, and fees in related litigation could not be included); *see also*

*Brantley v. Surles, 804 F.2d 321, 325 (5th Cir. 1986)* (because § 1988 provides for fee award in actions "to enforce" federal civil rights laws, previous state court proceeding that relied exclusively on state remedies was outside coverage of statute, and court properly denied fees).

Footnote 78. *E.g., Quinn v. Missouri, 891 F.2d 190, 192-194 (8th Cir. 1989)* (when question of constitutionality of state statute was litigated to judgment in state court system, parallel federal litigation that never proceeded to valid judgment was wholly irrelevant to plaintiffs' success, and they were not prevailing parties entitled to attorney's fees).

Footnote 79. *E.g., Redd v. Lambert, 674 F.2d 1032, 1035-1037 (5th Cir. 1982)* (when plaintiff obtained relief from illegal tax based solely on state law, and state courts denied attorney's fees under § 1988 based on conclusion that no federal claim was presented due to force of Tax Injunction Act, *28 U.S.C. § 1341*, plaintiff could not collect attorney's fees through subsequent federal suit for that relief).

Footnote 80. *Kremer v. Chemical Constr. Corp., 456 U.S. 461, 468-478, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982)*
.

Footnote 81. *Trujillo v. Santa Clara County, 775 F.2d 1359, 1370 (9th Cir. 1985)* .

Footnote 82. *E.g., Nestor v. Pratt & Whitney, 466 F.3d 65, 70-72 (2d Cir. 2006)* (when Title VII action sought attorney's fees and affirmative relief that was not available in state proceedings, subsequent federal suit for that relief was not barred by res judicata effect of state court judgment affirming state agency finding of discrimination).

Footnote 83. *Peacock v. Thomas, 516 U.S. 349, 116 S. Ct. 862, 133 L. Ed. 2d 817 (1996)* .

Footnote 84. *Peacock v. Thomas, 516 U.S. 349, 352-354, 116 S. Ct. 862, 133 L. Ed. 2d 817 (1996)* .

Footnote 85. *See H.C. Cook Co. v. Beecher, 217 U.S. 497, 498-499, 30 S. Ct. 601, 54 L. Ed. 855 (1910)* (when judgment proved to be uncollectible and creditor sued directors of corporation to collect judgment, suit was merely an "attempt to make the defendants answerable for the judgment already obtained" and was not "ancillary to the judgment in the former suit").

Footnote 86. *Peacock v. Thomas, 516 U.S. 349, 358, 116 S. Ct. 862, 133 L. Ed. 2d 817 (1996)* .

Footnote 87. *Webb v. County Bd. of Educ., 471 U.S. 234, 243, 105 S. Ct. 1923, 85 L. Ed. 2d 233 (1985)* .

Footnote 88. *D.C. Circuit: Kulkarni v. Alexander, 662 F.2d 758, 766 (D.C. Cir. 1978)* (attorney's fees could be awarded when work in prior federal litigation is necessary predicate to claim in present action).

*3d   Circuit: Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp., 995 F.2d 414, 419-420 (3d Cir. 1993)* .

*7th   Circuit: Chrapliwy v. Uniroyal, Inc., 670 F.2d 760, 767 (7th Cir. 1982)* (attorney's fees for separate federal action to compel federal agency to discipline defendant properly awarded to prevailing plaintiffs in Title VII action).

*9th   Circuit: G & G Fire Sprinklers, Inc. v. Bradshaw, 156 F.3d 893, 908 (9th Cir. 1998)* , *vacated on other grounds*, *526 U.S. 1061 (1999)* , *reinstated*, *204 F.3d 941 (9th Cir. 2000)* , *rev'd on other grounds*, *532 U.S. 189 (2001)* (when first action was settled, but later proceedings were necessary, district court did not err in awarding attorney's fees for work performed in first action, because that work was directly related to second action, and was necessary for and contributed to result of second action).

Footnote 89. *Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp., 995 F.2d 414 (3d Cir. 1993)* .

Footnote 90. *Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp., 995 F.2d 414, 419-420 (3d Cir. 1993)* .

David Abrams, Attorney at Law (DA-8126)
299 Broadway, Suite 1700
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811

United States District Court
Eastern District of New York

```
                                        )
Carlyle Byron,                          )
                                        )
                Plaintiff,              )
                                        )
           - against -                  )      No. 10 cv 3313 (JBW) (VVP)
                                        )
Genovese Drug Stores, Inc. d/b/a Rite Aid, )   Affirmation of David Abrams
                                        )
                                        )
                Defendant.              )
                                        )
```

David Abrams hereby affirms the following:

1.      I am the Plaintiff's attorney in the above-referenced matter.  I affirm, under penalty of

perjury, that that the following statements are true to the best of my knowledge.  If any of the

statements are willfully false, I am subject to punishment.

2.      This matter ("Byron I") was dismissed without prejudice by this Court in October of

2011.

3.      Since then, in January of 2012, I have filed a new lawsuit on behalf of my client, case

number 12 cv 393 (ADS) (AKT) ("Byron II").

4.      I have learned, as set forth in more detail below, that the October dismissal of Byron I

was achieved as a result of apparently false statements made by Defendant's counsel regarding a

collective FLSA action pending in Pennsylvania.

5.      Accordingly, I am asking that this Court amend the Judgment of October 2011 as

follows:  (1) barring Defendant from raising any defense based on the statute of limitations or on

the Pennsylvania action; and (2) requiring Defendant in Byron II to pay all of Plaintiff's costs and fees from Byron I regardless of the outcome of Byron II.

6.     Attached hereto as Exhibit A is a true copy of an excerpt from the transcript of the oral argument proceedings in this matter from October 12, 2011.

7.     As indicated on pages 8-9, counsel for Defendant took the position with this Court that my client was a member of a putative class action pending in Pennsylvania.

8.     On this basis, the Court dismissed my client's claims without prejudice.

9.     The representations of Defendant's counsel were incorrect.  I have learned that a few months earlier, Defendant had apparently proposed dismissing my client from the Pennsylvania action on the ground that the Pennsylvania action was for "assistant managers" not "co-managers."

10.     In essence, Defendant seems to have taken contradictory positions in the two actions.  In the Pennsylvania action Defendant's position was apparently that my client should not participate on the ground that he was not a proper class member.

11.     At the same time, Defendant took the position in this matter that my client was part of the Pennsylvania action and therefore this matter should be dismissed.

12.     I have learned that my client was in fact dismissed from the Pennsylvania action on October 7, 2011 as indicated in the stipulation attached hereto as Exhibit "B."  The reason for the dismissal was apparently that the Pennsylvania action applied to those with the job title of "Assistant Manager" and my client's official title was "Co-Manager."

13.     It seems likely that Defendant's counsel would have been well aware of all this since Defendant's counsel and his associates had appeared in the Pennsylvania action as of April of 2011.  Copies of their *pro hac vice* applications are attached hereto as Exhibit "C."

14.     Defendant's course of conduct culminated on October 11, 2011.  Just 4 days after my

client's claims in the Pennsylvania action had been dismissed, Defendant's counsel took the

position with this Court that my client's claims were pending in Pennsylvania.

15.     Accordingly, I respectfully request that this Court modify its earlier judgment so that

Defendant does not benefit in any way from its conduct, even if such conduct was unintentional.

16.     Specifically, I ask that this Court modify the Judgment in this matter to provide that (1)

Defendant will by barred in Byron II from raising any defense based on the statute of limitations

or on the Pennsylvania action; and (2) at the conclusion of Byron II, Defendant be required to

pay all of Plaintiff's costs and fees from Byron I, regardless of the outcome of Byron II.


                                        /s/ David Abrams
                                        _____

                                            David Abrams

Dated:  March 22, 2012
        New York, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLYLE A. BYRON,
Plaintiff,

– against –

GENOVESE DRUG STORES, INC.,
d/b/a RITE AID,
Defendant.

ORDER

10-CV-03313

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   APR 1 3 2012   ★

BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior United States District Judge:**

Plaintiff's motion for relief from judgment under Federal Rule of Civil Procedure

60(b)(3) is denied. There is no substantial basis for a finding of fraud, misrepresentation, or

misconduct by the defendant. There is no other reason justifying the relief sought. Plaintiff has

already filed a new complaint alleging similar claims arising out of essentially the same facts.

*Cf. Byron v. Genovese Drug Stores, Inc.*, 12-cv-393 (E.D.N.Y. Jan. 28, 2012). Oral argument is

not necessary.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: April 12, 2012
Brooklyn, New York